839 So.2d 988 (2003)
STATE of Louisiana, Appellee,
v.
Charles Ray SNOW, Appellant.
No. 36,826-KA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*989 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, James Bullers, District Attorney, J. Spencer Hayes, Randall Smith, Joe Gregorio, Assistant District Attorneys, for Appellee.
Before GASKINS, CARAWAY and MOORE, JJ.
GASKINS, J.
The defendant, Charles Ray Snow, pled guilty to one count of distribution of cocaine. He was sentenced to serve 30 years imprisonment at hard labor with five years *990 to be served without benefit of parole, probation, or suspension of sentence. He now appeals. For the following reasons, we affirm.

FACTS
On three separate dates in August 1998, the defendant sold crack cocaine to an undercover police officer in Bossier City, Louisiana. The total value of the cocaine sold was $200. The crime lab verified that the substances sold were cocaine, a Schedule II controlled dangerous substance.
The defendant was arrested and charged with three counts of distribution of cocaine, violations of La. R.S. 40:967. The offense is punishable by imprisonment at hard labor for not less than five years nor more than 30 years, the first five years of which must be served without benefit of parole, probation, or suspension of sentence, plus an optional fine. The state agreed to dismiss two of the counts in exchange for defendant's guilty plea to one count.
The defendant pled guilty in February 1999 to one count of distribution of cocaine but, prior to sentencing, he fled to another jurisdiction. The defendant was apprehended approximately three years later.
In June 2002, the district court imposed a sentence of 30 years at hard labor, with five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The sentence was ordered to be served consecutively with any other sentence and credit was given for time served. The defendant was also informed that as a second felony offender, 50 percent of the sentence had to be served before he would be eligible for parole. The trial court also denied a motion for reconsideration of sentence. On appeal, the defendant argues that the trial court failed to advise him of the mandatory minimum sentence and that the sentence imposed is excessive.

MANDATORY MINIMUM SENTENCE
The defendant asserts that the trial court erred in failing to advise him of the mandatory minimum sentence prior to the entry of the guilty plea. This argument is without merit.
For guilty pleas entered after August 15, 1997, La. C. Cr. P. art. 556.1 requires the trial court, prior to accepting a guilty plea, to inform the defendant, inter alia, of the mandatory minimum penalty provided by law. A failure of a trial court to advise a defendant of the mandatory minimum sentence, if raised as an assignment of error on appeal, is subject to analysis under the harmless error rule. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Here, during the guilty plea colloquy, the trial court advised the defendant that he faced a mandatory minimum sentence. However, the court did not state that the minimum sentence was five years nor did the court state that the minimum period of five years must be served without benefit of probation, parole, or suspension of sentence. The defendant has not shown that the guilty plea was coerced. There is no indication that the defendant did not understand the nature of the charges against him or that he was induced to plead guilty based upon an erroneous lack of information regarding the mandatory minimum sentence. The record demonstrates that the defendant understood there was a mandatory minimum sentence and that the maximum possible sentence to which he was exposed was 30 years.
Under these circumstances, we find it unreasonable to believe that the defendant, a second felony offender who had secured a dismissal of two of three charges against him, reducing his sentencing exposure by 60 years, would not have pled guilty had he known that the mandatory sentence included a requirement that the first five *991 years be served without benefits. See State v. Sullivan, XXXX-XXXX (La.App. 3d Cir.10/2/02), 827 So.2d 1260. We find the error to be harmless.

EXCESSIVE SENTENCE
The defendant argues that the sentence imposed was excessive. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La. App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Prior to imposing sentence, the trial court considered a presentence investigation report and the facts of the case. The court noted that the defendant's plea bargain had reduced his sentencing exposure by 60 years. The judge observed that the defendant's criminal history included a conviction for illegal possession of stolen things. Also, the defendant had been charged with being a felon in possession of a firearm. The defendant was a second felony offender who absconded prior to sentencing. The court found the defendant ineligible for probation because a prior probation had been revoked. Finally, the court determined that a lesser sentence would deprecate the seriousness of the pled offense. Based upon these factors, the record shows that the trial court considered the criteria set forth in La. C. Cr. P. art. 894.1.
The second test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, supra.
On this record, we do not find constitutional error. The defendant, who fled to avoid sentencing, received a substantial benefit from his plea bargain. The offense of conviction does not adequately describe his criminal conduct. The defendant also received leniency from the state's decision not to charge him as a repeat offender. The jurisprudence noted above upholds the imposition of the maximum authorized sentence in this case.
*992 The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not constitutionally excessive.

ERROR PATENT
At sentencing, the trial court did not advise the defendant of the time period within which to apply for post-conviction relief. La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hilbun, 36,048 (La. App.2d Cir.6/12/02), 821 So.2d 530. The trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. No other error patent on the face of the record is noted.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Charles Ray Snow.
AFFIRMED.