608 So.2d 639 (1992)
STATE of Louisiana
v.
Clinton L. RICHE.
No. 92-KA-440.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Writ Denied February 19, 1993.
John M. Mamoulides, Dist. Atty., Stephen C. D'Antoni, Jeff Hand, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Gretna, for plaintiff-appellee.
John D. Rawls, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
KLIEBERT, Chief Judge.
Defendant, Clinton Riche, was charged by indictment with committing aggravated rape, aggravated kidnapping, and armed robbery. After a sanity commission concluded that he was legally competent, the defendant withdrew his earlier insanity plea and entered a plea of not guilty to the charges. The case was tried before a twelve member jury which unanimously found the defendant guilty of forcible rape (LSA-R.S. 14:42.1), aggravated kidnapping (LSA-R.S. 14:44), and simple robbery *640 (LSA-R.S. 14:65). The trial court sentenced the defendant to forty years at hard labor on the forcible rape conviction, life imprisonment on the aggravated kidnapping conviction, and seven years at hard labor on the simple robbery conviction. The sentences were ordered to be served concurrently, but without benefit of parole, probation, or suspension of sentence. On appeal, the defendant alleges three assignments of error challenging his sentencing. For the reasons hereinafter stated we affirm the trial court's sentence on the forcible rape and aggravated kidnapping convictions and amend the sentence on the simple robbery conviction to vacate the prohibition against parole, probation and suspension of sentence and, as amended, affirm.
The record discloses the following facts about the commission of these offenses: On April 13, 1990, the defendant jumped into the passenger seat of his female victim's automobile as she drove into the parking lot of a Kenner bank. He ordered the victim to drive him around various apartment complexes while he allegedly searched for an acquaintance. The defendant then directed the victim to drive to a secluded area in a vacant schoolyard where he produced a knife and raped her. After raping her, the defendant demanded the victim's money. Upon learning that the victim had no cash with her, the defendant offered to release the victim unharmed only if she would withdraw money from her bank account and give it to him. Still armed with the knife, the defendant drove the victim to her bank and led her to an automatic teller machine where he watched to ensure that she withdrew cash. The defendant took the cash from the victim and, after the victim became frantic and refused to return to the car, fled on foot. The authorities ultimately arrested and charged the defendant with this attack. He confessed to the incident upon being advised of his rights.
In his first assignment of error, the defendant attacks the constitutionality of the mandatory life sentence imposed by LSA-R.S. 14:44 for aggravated kidnapping in this state. However, since the defendant did not raise his constitutional challenge in the trial court, we will not consider it on this appeal. See Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); State v. Tanner, 534 So.2d 535 (5th Cir.1988).
The defendant's second and third assignments of error complain that the sentences he received on his forcible rape and simple robbery convictions are illegally excessive. The trial court imposed the maximum sentence available for each conviction: forty years at hard labor for the forcible rape and seven years at hard labor for simple robbery.
A sentence, even if within the limits established by the applicable criminal statute, is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Robicheaux, 412 So.2d 1313 (La.1982). The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
Maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982). The defendant falls within this latter category of offenders. Prior to his conviction in this case, the defendant had recently been convicted of attempted forcible rape in another parish. At the time of his arrest and confession, the defendant told Kenner police that he would continue committing these types of offenses until placed in a situation where no opportunity existed to commit such crimes. The trial judge complied with the sentencing guidelines applicable to this case, LA-C.Cr.P. art. 894.1, and we find the imposition of maximum sentences on the defendant is not excessive. These two assignments of error are meritless.
An error patent review reveals one error. The defendant's sentence for simple *641 robbery was imposed without benefit of parole, probation, or suspension of sentence, contrary to the sentencing provision of the simple robbery statute. LSA-R.S. 14:65 B. Since this defect does not involve exercise of the sentencing judge's discretion, we are authorized to correct the sentence by amendment rather than remanding the case for resentencing. LA-C.Cr.P. art. 882 A; State v. Fraser, 484 So.2d 122 (La.1986).
Accordingly, defendant's sentence on his conviction for simple robbery is amended to vacate the order that the sentence be served without benefit of parole, probation, or suspension of sentence. In all other respects the judgment appealed from is affirmed.
SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.