783 So.2d 501 (2001)
STATE of Louisiana
v.
Ronald KNIGHTSHED.
No. 00-KA-1410.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
*502 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Thomas S. Block, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
J. Rodney Baum, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Defendant/Appellant.
*503 Panel composed of Judges DUFRESNE, GOTHARD and CHEHARDY.
SOL GOTHARD, Judge.
Defendant, Ronald Knightshed, was convicted of aggravated battery against his wife in violation of La. R.S. 14:34, and sentenced to ten years at hard labor. Defendant now appeals. We affirm the defendant's conviction and sentence.
The facts at trial show that, at approximately 5:50 p.m. on March 9, 1999, Angelina Knightshed called 911 and reported that her husband had just cut her neck with a knife. Deputy Jodie Kaough responded to the call which was dispatched as an aggravated battery by cutting. When he arrived at the victim's apartment, located in the Woodmere subdivision in Harvey, the victim was crying and had a four-inch laceration to the left side of her neck. The victim informed Deputy Kaough that her husband, the defendant, had inflicted the wound. Paramedics were called to the scene and medical treatment was rendered to the victim.
Defendant was not present when the police arrived at the scene but was subsequently arrested and charged with aggravated battery.
In this appeal, defendant first alleges that the trial court erred in finding that Angelina Knightshed had waived the health care provider-patient privilege when she spoke to the 911 operator.
At trial, the victim, through her own attorney, asserted her patient-health care provider privilege under La. C.E. art. 510 in an attempt to prevent the EMT from testifying regarding a specific statement the victim made to the EMT while medical treatment was being rendered. In particular, the victim told the EMT that her husband had cut her with a knife. The trial court found that the victim had waived her patient-health care provider privilege when she previously related the same information to the 911 operator.
Defendant now contends the trial court erred in finding that the victim waived her patient-health care provider privilege. Defendant argues that the victim could not have waived the privilege when she spoke to the 911 operator because the privilege did not yet exist. Specifically, defendant asserts that the victim had not yet spoken to the EMT when she made the statements to the 911 operator and, therefore, there was no privilege.
The State responds that even if a privilege existed, the admissibility of that portion of the EMT's testimony was harmless error because it was merely cumulative to other evidence, namely the 911 tape and Deputy Kaough's testimony, both of which contained evidence of the victim's statement that her husband inflicted the wound.
Louisiana Code of Evidence article 510(C)(1) provides:
In a criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself, his representative, and his physician or psychotherapist, and their representatives.
There are six exceptions to this general privilege, La. C.E. art. 510(C)(2)(a-f); and the privilege can be waived if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter." LSA-C.E. art. 502(A).
We agree with the State's contention and we decline to address the issue of whether a privilege existed and/or if the *504 witness waived same. At trial, the 911 tape was admitted into evidence without objection. On the 911 tape, the victim is heard telling the 911 operator that "my husband cut me with a knife." In addition, Deputy Kaough testified that the victim told him that her husband had cut her, and the victim's sister likewise testified that the victim told her that defendant had cut her. Therefore, the testimony of the attending EMT regarding the victim's statement to her that the victim's husband had cut her with a knife merely corroborated other evidence that was admitted without objection.
In applying the harmless error analysis, the reviewing court must find beyond a reasonable doubt that the erroneously admitted evidence did not contribute to the verdict. State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 263; writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. In this case, the testimony of the EMT was merely repetitive of prior testimony, and therefore, it does not appear there is any reasonable possibility that it contributed to the verdict. Because the testimony of the EMT was merely cumulative to other testimony, any error in its admission, if any, is harmless. State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 78, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.
In his second allegation of error, the defendant alleges that the trial court erred by imposing an excessive sentence and failing to adequately consider the sentencing guidelines found in La.C.Cr.P. art. 894.1 when imposing sentence on the defendant. Defendant alleges that his sentence should be reduced according to his crime-free past and the facts of the case.
La.C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider the legality, under statutory sentencing guidelines, of a sentence within 30 days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to state the specific grounds on which the motion is based, precludes the defendant from raising the issue on appeal. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961. However, the failure to comply with La.C.Cr.P. art. 881.1 does not preclude a review of defendant's sentence for constitutional excessiveness.
In the present case, defense counsel orally objected to his sentence by stating, "Judge, at this time, as required by Article 881.1, I'm asking for a reconsideration of sentence." The trial court denied the motion for reconsideration and defense counsel responded, "Note my exception and our intention to appeal both the conviction, as well as the sentence, feeling the sentence is excessive. Mr. Knightshed has no prior convictions." At no time did defendant include the issue of failing to comply with La.C.Cr.P. art. 894.1, and therefore defendant failed to preserve the issue of the trial court's failure to articulate reasons for the sentence in accordance with article 894.1 for appeal.
A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Wickem, supra. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Riche, 608 So.2d 639, 640 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
*505 Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and, 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, writ denied, 1999-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id., at 64.
A sentence for aggravated battery ranges from zero to ten years with or without hard labor and a fine of up to $5,000.00. La. R.S. 14:34. Defendant was sentenced to ten years at hard labor with no fine. Defendant argues the facts of his crime do not warrant a maximum sentence because he is a first time offender.
In the present case, there was no evidence regarding the circumstances of defendant's attack on his wife. However, the evidence did show that defendant used a knife and cut his wife along the left side of her neck leaving a four-inch laceration. The victim was six months pregnant at the time of the attack. And, upon his arrest, defendant was overheard saying, "Oh, that's my wife, I cut that bitch." In sentencing defendant, the trial court stated that defendant had "demonstrated an utter lack of respect for life, limb or the law." Based on these facts, it does not appear the trial court abused its discretion or that defendant's sentence is unconstitutionally excessive. The mere fact defendant did not have any prior convictions does not lessen the severity of his crime.
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED