922 So.2d 666 (2006)
STATE of Louisiana
v.
Paul M. CRAWFORD.
No. 05-KA-494.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 2006.
*667 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
Defendant, Paul M. Crawford, appeals his sentence on multiple counts of drug-related crimes and cruelty to a juvenile. For the following reasons, we amend the sentence and affirm.

PROCEDURAL HISTORY
On December 18, 2003, the Jefferson Parish District Attorney's Office charged Paul M. Crawford and a co-defendant, Samantha McCarthy, with various drug-related crimes and cruelty to juveniles.[1] The defendant was charged as follows: (1) count 1, distribution of Hydrocodone, a violation of LSA-R.S. 40:967(A); (2) count 3, possession of Hydrocodone, a violation of LSA-R.S. 40:967(C); (3) count 5, obtaining possession of a controlled dangerous substance, a legend drug (Carinsoprodl) by means of fraud and deceit, a violation of LSA-R.S. 40:971(B)(1)(c), (f), (g); (4) count 6, obtain possession of a controlled dangerous substance, Hydrocodone, by means of fraud and deceit, a violation of LSA-R.S. 40:971(B)(1)(c), (f), (g); and (5) counts 8 and 9, cruelty to juveniles, a violation of LSA-R.S. 14:93. Approximately seven months later, the State filed an amended Bill of Information as to counts 3 and 8. Count 3 was amended from a charge of possession of Hydrocodone to possession with intent to distribute Hydrocodone, a violation of LSA-R.S. 40:967(A). Count 8 was amended to change the dates and to further elaborate on the circumstances of the cruelty to the juvenile. Defendant entered not guilty pleas to both Bills of Information.
The defendant filed various pretrial motions, including Motions to Suppress the *668 evidence and a confession. These motions were denied. Before ruling on the motions, however, the trial judge had appointed a sanity commission to determine the defendant's competency to stand trial, and had found the defendant competent.
On July 26, 2004, the defendant withdrew all of his not guilty pleas, and entered guilty pleas on counts 1, 3, 5, 6, 8, and 9. The trial court accepted the defendant's guilty pleas, ordered that his sentence, in this case, run concurrently with his sentence in case 04-403[2], but then deferred sentencing pending return of the pre-sentence investigation report. On October 20, 2004, the trial court sentenced the defendant to a total sentence time of fifteen years: five years on counts one and three concurrently, three years on counts five and six concurrently, and ten years on counts eight and nine concurrently. Five years of the sentence on count nine were to run consecutively to all counts. The court ordered that the defendant's sentence would run concurrently with the defendant's sentence in case number 04-403.
On November 12, 2004, the defendant filed a Motion for Appeal and a Motion to Reconsider Sentence.[3] The trial judge granted the appeal and denied the Motion to Reconsider.

FACTS
On July 26, 2004, the defendant withdrew his former not guilty pleas, and entered guilty pleas to one count of distribution of Hydrocodone, one count of possession with intent to distribute Hydrocodone, two counts of illegal prescriptions, Hydrocodone and Carisoprodl, and two counts of cruelty to a juvenile.
During this hearing, the defendant testified that he went to a doctor and got prescriptions for himself and that he then distributed them to different people. The defendant also testified that he failed to get his eight-year-old son proper medical attention for an infection, slapped him in the face, causing his nose to bleed, dropped him off a block from where he was supposed to go, and then left him, because his current female friend did not want his son around her. The defendant stated that his intention was not to go back for his son. The defendant stated that prior to his abandonment, his son's foot was infected from mosquito bites he received when he was left outside alone while Crawford and his roommates engaged in drug deals and prostitution. The defendant stated that this situation occurred on three to five occasions. The infection caused the minor to be hospitalized for three days.[4] The minor was released with a prescription for antibiotics that the defendant never filled, because he claimed to have no money.

ASSIGNMENT OF ERROR NUMBER ONE
In his sole Assignment of Error, the defendant claims that the trial court imposed an excessive sentence. The defendant argues that the trial court should have considered his mental disabilities[5], second or third grade educational level, and anxiety disorder that causes mood swings, impulse control problems, and easy *669 aggravation. The defendant claims that concurrent sentences that would have given him a total of ten years are a more appropriate sentence, especially since he still would not be released prior to his son's eighteenth birthday.
The State argues that the trial judge took into account the evidence presented, as well as the age of the child, before sentencing the defendant. The State claims that the defendant received sentences that were less than the maximum that could have been imposed by statute.
At the sentencing hearing, the defendant objected to his sentence without reasons. Additionally, in his Motion to Reconsider Sentence, the defendant argued that his sentence was constitutionally excessive and constituted cruel and unusual punishment.
LSA-C.Cr.P. art. 881.1(B) allows the motion to be made orally at the time of sentencing or in writing thereafter, and requires that it set forth the specific grounds on which the motion is based. Failure to file a Motion to Reconsider Sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal.[6] The defendant failed to state in his motion that the trial court failed to consider mitigating circumstances in sentencing him pursuant to LSA-C.Cr.P. art. 894.1, as he now does on appeal. Therefore, as a rule the defendant is precluded from raising this issue on appeal.[7] Therefore, since the sole issue raised in the defendant's Motion to Reconsider was the excessiveness of his sentence, this court reviews only for constitutional excessiveness.[8]
The Eighth Amendment to the United States Constitution and the Louisiana Constitution Article I, § 20 prohibits the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[9] The trial court should consider the defendant's personal history: age, family ties, marital status, health, employment record, as well as his prior criminal record, seriousness of offense and the likelihood of rehabilitation in determining an appropriate sentence.[10] A trial court is afforded great discretion in determining sentences and sentences within the statutory limit will not be set aside as excessive absent clear abuse of that broad discretion.[11] In reviewing a sentence for excessiveness, the appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice.[12]
In this case, the defendant did not receive the maximum exposure on any count *670 for which he was convicted. Under sentencing exposure on counts one and three the defendant could have been sentenced to "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, [have been] sentenced to pay a fine of not more than fifty thousand dollars." LSA-R.S. 40:967. Under sentencing exposure on counts five and six, the defendant could have been sentenced to a term of imprisonment "with or without hard labor, for not more than five years and, in addition, may [have been] sentenced to pay a fine of not more than five thousand dollars." LSA-R.S. 40:971(B)(1)(c), (f), (g) and LSA-R.S. 40:967. Under sentencing exposure on counts eight and nine, the defendant could have been sentenced to pay a fine of "not more than one thousand dollars or [imprisonment] with or without hard labor for not more than ten years, or both." LSA-R.S. 14:93.
Therefore, based on the record, the controlling statutes, and jurisprudence, the defendant has not presented sufficient evidence to show that the trial court abused its great discretion in sentencing him within the statutory limits.
Prior to sentencing, the defense counsel went to great lengths to remind the court of the defendant's mental and emotional handicaps, and especially their effect upon the choices the defendant made regarding his son. Defense counsel specifically asked the court to take into account the defendant's limitations and sentence him on an individual basis. After Crawford was sentenced, defense counsel objected to the defendant's sentence. Arguably, defense counsel's objection to the defendant's sentence could be construed as an objection to the trial court's failure to consider the mitigating factors of the defendant's mental and emotional handicaps.
The appellate court must determine whether the record shows that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1.[13] LSA-C.Cr.P. art. 894.1(C) states, "[t]he court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence." The trial court is not required to list every aggravating or mitigating circumstance, but need only state for the record the considerations it took into account and the factual basis for the sentence imposed.[14] The trial court's articulation of the factual basis for the sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.[15] "[I]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing."[16]
The three factors that are considered in reviewing a trial court's sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.[17] The issue on appeal is whether *671 the trial court abused its discretion, not whether another sentence might have been more appropriate.[18]
In State v. Delaughter, supra, the defendant pled guilty to one count of indecent behavior with a juvenile and one count of attempted indecent behavior with a juvenile. He was sentenced to serve seven years at hard labor for count one, and on count two, to three years at hard labor, with one year to run consecutively and two years to run concurrently with the sentence on count one. The court considered a psychological evaluation in which the thirty-four year old defendant was found to have an IQ of 65, which is classified as mild mental retardation. The evaluation also showed that the defendant exhibited immaturity and functioned like a 15-year-old, causing him difficulty in managing his emotions and dealing with sexual feelings. He also had limited social skills. In addition, the court noted that the defendant was physically disabled due to a birth defect. The court found that there was an undue risk that defendant would commit another offense, and that he was in need of correctional treatment or a custodial environment, and that a lesser sentence would deprecate the seriousness of the offense. In addition, the court found that the defendant knew or should have known the victim was particularly vulnerable due to her youth. The court also considered the defendant's complete lack of remorse.
Crawford's argument that the trial court failed to take into consideration his emotional disorder is misplaced. The trial court noted the doctor's evaluation of the defendant, which included testimony about his emotional disorder. The court found that the defendant chose to involve himself in illegal drug use, and was more concerned about his girlfriend than his son. The trial court stated that it adjusted the defendant's sentence up after noting that the defendant had a lack of remorse for the offenses involving his son. The trial court found that the defendant knew his son was particularly vulnerable because of his youth, and used his position over the child to commit the offenses. The trial court also noted the defendant's denial of responsibility for his actions and a lack of concern for the court proceedings. In addition, the trial court found that the defendant was "in need of institutional care, which [could] best be provided under the supervision of the State of Louisiana." The trial court noted that "[a]ny lesser penalties ... would deprecate [sic] the seriousness of his conduct." Based on the record, it is clear that the trial court adequately considered the criteria of LSA-C.Cr.P. art. 894.1, and did not abuse its discretion in imposing the defendant's sentence.

ERROR PATENT DISCUSSION
The defendant requests an error patent review in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals the following.
Defendant received an illegally lenient sentence. LSA-R.S. 40:967(B)(4)(b) states:
Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment *672 at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars. (Emphasis added).
The statute requires that the first two years of the defendant's sentence be served without benefit of parole, probation, or suspension of sentence. The trial court's failure to state this requirement at sentencing need not be corrected on remand because under State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the "without benefits" provision is self-activating.
Accordingly, defendant's sentence is affirmed.
AFFIRMED; SENTENCE AMENDED.
NOTES
[1] McCarthy is not a party to this appeal.
[2] In case 04-403, the defendant was charged with improper supervision of a minor by a parent or guardian.
[3] The defendant's motion appears to contain a typographical error, since it refers to a habitual offender proceeding. There is no habitual offender proceeding in this record.
[4] The minor was released from Children's Hospital to the father, after two days, against medical advice. (Pre-sentence Investigation report).
[5] The defendant alleges that he has an I.Q. of 66, which classifies him as mentally retarded.
[6] State v. Mims, 619 So.2d 1059 (La.1993); State v. Harris, 03-710, p. 8 (La.App. 5 Cir. 2/23/04), 868 So.2d 886, 896, writ denied, 04-0675 (La.9/24/04), 882 So.2d 1166.
[7] State v. Brooks, 00-953 (La.App. 5 Cir. 2/11/03), 841 So.2d 854, 858. See, State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855, writ denied, 99-1785 (La. 11/24/99), 750 So.2d 980.
[8] State v. Harris, 868 So.2d at 894.
[9] State v. Wickem, 99-1261, p. 7 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839, State v. Robinson, 04-1417, p. 3 (La.App. 5 Cir. 5/31/05), 905 So.2d 405, 407-408.
[10] State v. Jones, 398 So.2d 1049 (La.1981).
[11] State v. Adair, 04-120, p. 3 (La.App. 5 Cir. 5/26/04), 875 So.2d 972, 974-975, State v. Riche, p. 2 (La.App. 5 Cir.1992), 608 So.2d 639, 640, writ denied, 613 So.2d 972 (La.1993).
[12] State v. Lobato, 603 So.2d 739, 751 (La.1992), State v. Robinson, 905 So.2d at 407-408.
[13] State v. Smith, 433 So.2d 688 (La.1983).
[14] State v. Smith, supra.
[15] State v. Delaughter, 29,974 (La.App. 2 Cir. 12/10/97), 703 So.2d 1364, 1368, writ denied, 98-0018 (La.5/1/98), 805 So.2d 201.
[16] State v. Ulmer, 99-1079 (La.App. 5 Cir. 1/25/00), 751 So.2d 1017, citing State v. Morris, 98-236, p. 6 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076; State v. Lanclos, 419 So.2d 475 (La.1982).
[17] State v. Knightshed, 00-1410, p. 4 (La.App. 5 Cir. 3/28/01), 783 So.2d 501, 504-505, State v. Watts, 99-311, p. 6 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
[18] Id., State v. Allen, 03-1205, p. 3 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 879-880.