EDWARD A. DUFRESNE, JR., Chief Judge.
^Defendant, Melvin N. Faucheux, filed this criminal appeal seeking review of his sentence. For the reasons that follow, we affirm.
On May 17, 2004, the Jefferson Parish District Attorney filed an eleven count bill of information charging defendant with ten violations of LSA-R.S. 40:967 A and one violation of LSA-R.S. 40:969 A. Specifically, the bill charged defendant with distribution of hydrocodone (counts 1, 2, and 5), methadone (counts 3, 6, and 11), oxycodone *103 (count 4), and alprazolam (count 7); and possession with intent to distribute hydro-codone (count 8), methadone (count 9), and oxycodone (count 10). At his arraignment, defendant pled not guilty. The charges proceeded to trial before a twelve person jury on February 22, 23, and 24, 2005. After considering the evidence presented, the jury found defendant guilty as charged on each of the eleven counts.
On March 18, 2005, the trial judge sentenced defendant to twenty-five years on counts 1, 2, 5, and 8 to be served concurrently with each other, to twenty-five | ayears on counts 3, 6, 9, and 11 to be served concurrently with each other, to twenty-five years on counts 4 and 10 to be served concurrently with each other, and to five years on count 7. The judge ordered that the twenty-five year sentences run consecutive to one another and to, the five year sentence, for a total of eighty years imprisonment at hard labor. The trial court subsequently denied defendant’s motion for reconsideration of sentence.
Defendant now appeals contending that his eighty year sentence is excessive.

FACTS

Lieutenant Bruce Harrison of the Jefferson Parish Sheriffs Office testified that he became involved in an undercover operation at Melvin’s Barber Shop in Metairie based on information provided by a confidential informant that defendant, the owner of the shop, was distributing drugs. As part of this investigation, Harrison asked Officer Nicole Mitchell to go into the barber shop in an undercover capacity and attempt to buy drugs.
Having previously gone into the barber shop with the confidential informant, Mitchell returned alone, on March 4, 2004, and purchased ten hydrocodone pills from defendant for $50.00. • On March 10, 2004, she again went to the barber shop and purchased ten hydrocodone, four methadone, and four oxycontin pills for $200.00. On March 12, 2004, Mitchell returned to the barber shop and made a third purchase of pills from defendant. At trial, Mitchell testified that during these three transactions, she dealt solely with defendant.
Thereafter, on- March 26, 2004, the police executed a search warrant on the barber shop. Upon entering the shop, Lieutenant Harrison observed defendant discard a bag containing several prescription bottles with various kinds of pills inside. In addition, the officer caught a woman with four methadone pills in her hand leaving the room where defendant was observed with the bag. Harrison | ¿placed defendant under arrest, and a search incident to that arrest revealed that defendant had $972.00 on his person.
The police then searched the dumpster behind the barber shop and found five prescription bottles with the labels torn off which, according to Lieutenant Harrison, indicates an attempt to hide a doctor shopping situation. A subsequent search of defendant’s home revealed additional empty prescription bottles. Once in custody, defendant gave a statement to Sergeant John Drury in which he admitted that he had people working for him in a doctor shopping scheme.
Charles Krone, an employee with the Jefferson Parish Sheriffs Office Crime Lab, examined the pills recovered in this case. He testified that the substances he tested were positive for hydrocodone, methadone, oxycodone, and alprazolam.
Defendant testified that he has been a barber since 1961 and that he owns the barber shop in Metairie. As a result of health problems, he was prescribed oxy-contin and became addicted to it. During his testimony, defendant admitted that he *104 sold drugs twice to Mitchell at the barber shop, but claimed he never sold drugs to anyone else. In addition, he admitted to participating in a doctor shopping scheme in order to finance his addiction. He claimed that the $972.00 found on his person when he was arrested was for giving hair cuts.
Natalie Hall, the defendant’s son’s fian-cée, testified that defendant went to a pain clinic for therapy and pain medication. She claimed that the medications made the defendant forgetful, and he allowed acquaintances to “just kind of take over” the shop. According to Hall, one of these acquaintances ran an escort agency and sold drugs. The defendant told her that he was addicted to drugs, and that he sold them to pay for his habit.

ASSIGNMENT OF ERROR NUMBER ONE

| sOn appeal, defendant challenges his eighty year sentence as excessive. The state asserts that the sentence is within the statute’s sentencing range and is not constitutionally excessive under the circumstances of the ease.
In the present case, defendant was convicted of ten violations of LSA-R.S. 40:967 A and one violation of LSA-R.S. 40:969 A. The maximum sentence for a violation of LSA-R.S. 40:967 A for distribution or possession with intent to distribute hydroco-done, oxycodone, and methadone is a term of imprisonment at hard labor for not more than thirty years, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence. In addition, the defendant may be sentenced to pay a fine of not more than fifty thousand dollars. The maximum sentence for a violation of LSA-R.S. 40:969 A for distribution of alprazolam is a term of imprisonment at hard labor for not more than ten years. In addition, the defendant may be sentenced to pay a fine of not more than fifteen thousand dollars.
In this case, the trial court sentenced defendant to a total of eighty years. Defendant did not receive the maximum sentence on any count and does not contend that any individual sentence is excessive. Rather, defendant argues that the aggregate or consecutive nature of his sentences is excessive. He asserts that, because he is sixty-three years old, his total prison term amounts to a life sentence. In addition to his age, defendant suggests that his long-term addiction to drugs, his non-violent offender history, and his troubled life should mitigate the length of sentence he receives.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for ex-cessiveness, the reviewing court must consider the crime and the punishment in 1 Jight of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Crawford, 05^494 (La.App. 5 Cir. 1/31/06), 922 So.2d 666, 669.
The three factors that are considered in reviewing a trial court’s sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Crawford, 922 So.2d at 670-671.
In this case, prior to sentencing defendant, the trial judge noted that he was aware of the evidence presented and its *105 “extremely disturbing nature. The judge mentioned defendant’s own testimony and statements which indicated that he knew the dangers of mixing drugs, including the possibility of death due to overdosing on the drugs. In fact, defendant knew of five people who had overdosed on drugs. The trial judge further noted defendant’s long criminal history, which showed “a disturbing pattern throughout his life of a total disregard for the property, safety, and even the lives of other people.” The trial judge stated that the defendant’s sentence was specifically based upon the facts presented during the course of trial, to ensure that he would not present a “danger to the people of Jefferson Parish again.”
Based on our review, we find that the sentence, as imposed by the trial judge, was justified. We particularly note defendant’s long criminal history spanning from eighteen to sixty years of age, prior convictions involving drugs, his conviction for a check charge being served at the time of his sentence, and his involvement of others, in a doctor shopping scheme out of his barber shop, in order to finance his addiction. See State v. Hymes, 04-320 (La.App. 5 Cir. 10/12/04), 886 So.2d 1157, unit denied, 04-3102 (La.4/1/05), 897 So.2d 599, and 7State v. Dillon, 01-906 (La.App. 5 Cir. 2/26/02), 812 So.2d 770, writ denied, 02-1189 (La.4/21/03), 841 So.2d 779, where this court upheld aggregate sentences that the defendants claimed were constitutionally excessive.
In light of the foregoing discussion, we find that the trial court did not abuse its sentencing discretion, and that the sentences imposed were not constitutionally excessive. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, defendant requests that we review the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
Accordingly, for the reasons set forth herein, we affirm defendant’s convictions and sentences.

CONVICTION AND SENTENCE AFFIRMED.