THIBODEAUX, Chief Judge,
dissenting in part.
11 Once again, our court has affirmed sentences which make no meaningful contribution to any acceptable penal goals. We have done so under the rationale of the abuse of discretion standard. That standard is legitimate and, of course, legally correct. However, these sentences remind me of the Latin clause, discretio est discer-niere per legem quid sit justum which, literally translated, means that unlimited discretion does not exist in the law. Meaningful discretion must be supported by sound factual underpinnings and supported by what the law directs, not what is authorized. In my view, the trial court abused its sentencing discretion in these cases.
The majority lends its judicial imprimatur to the trial court’s consideration of two things: punishment and public safety. I infer the term used by the trial court “public safety” to mean sending “a message to the public,” a phrase used by the trial court in its reasons for sentencing. Sentencing, however, must consider the likelihood of rehabilitation. State v. Crawford, 05-494 (La.App. 5 Cir.1/31/06), 922 So.2d 666. Purely and simply, the trial court’s sentences focus on using C.S.D. and E.L.C. as examples through the use of punishment.
|2Under the circumstances of this case, incarceration for five years is not needed to send a “message to the public.” If a five year suspended sentence with conditions of probation would accomplish the same goals, what legitimate penal goals then are served by the imposition of imprisonment in this case? Only one — and that is punishment. While that may be acceptable in some cases, it is not in these particular cases. Neither defendant has any prior criminal history. C.S.D. has raised a doctor, an aeronautical engineer, and a daughter who is a loving mother. E.L.C. has raised two kids — an attorney and an accountant. As the trial judge pointed out, these were “in fact good people.”
The cases relied upon by the majority do not involve similar circumstances and serve to undermine the principle of proportionality in sentencing. While the crime is similar or identical, the facts are very dissimilar. For example, in State v. Edwards, 626 So.2d 501 (La.App. 3 Cir. 1993), writ denied, 93-3125 (La.2/3/95), 649 So.2d 400, the child victim died as a result of the offender’s actions. In the case under consideration, nothing of the sort occurred. In State v. Crawford, 922 So.2d 666, the child victim required three days of hospitalization. No such degree of harm occurred in this case. In fact, there is no evidence of physical harm with the exception of a minor bruise on T.D.’s *222 arm. The only empirical evidence of harm came from the testimony of the victim who said that the defendants’ conduct made him “feel bad.” Nothing more. While the conduct of these defendants represents incivility at best, their sentences are not individualized with respect to their age, background, and conduct.
The majority notes that the defendants were “in all other respects caring and nurturing people.” It is very difficult to explain to “caring and nurturing people” how a five-year sentence makes any measurable contribution to acceptable penal Lgoals and is nothing more than a needless and purposely infliction of pain and suffering.
For the foregoing reasons, I respectfully dissent.