ROBERT M. MURPHY, Judge.
| sDefendant/appellant, Corey P. Thomas, appeals his conviction for being a felon in possession of a firearm. For the reasons *1260 that follow, defendant’s conviction is affirmed. We further amend defendant’s sentence in part, and affirm as amended. The case is remanded for correction of an error patent on the face of the record.

STATEMENT OF THE CASE

On December 10,2014, defendant, Corey P. Thomas, was charged in a bill of information by the Jefferson Parish District Attorney’s Office with one count of being a felon in possession of a firearm, in violation of La. R.S. 14:95.1. After pleading not guilty on January 7, 2015, defendant proceeded to a jury trial on July 15, 2015, at the conclusion of which he was found guilty as charged. On August 5,, 2015, defendant was sentenced to 17 years and six months at hard labor with a $1,000.00 fine. On that same date, the State filed a multiple offender bill of information that alleged defendant was a third felony offender, to which defendant stipulated. The trial court thereafter vacated defendant’s original sentence, and re-sentenced him under La. R.S, 15:529.1 to 17 years and six months at hard labor Lwithout the benefits of parole, probation, or suspension of sentence, and a $1,000.00 fine. The sentence was ordered to run concurrently with the sentence of 12 years in case 14-1804, resulting from a guilty plea simple burglary, as well as any other sentences defendant was serving. On July 31; 2015, defendant filed a motion for new trial that was denied. The instant appeal follows.

FACTS ■

Thé owner and manager of Airline Jewelry and Loan, William Neupert, testified at trial regarding the general procedure for customers to pawn items at his store, and recounted the details of defendant’s sale of a handgun to his store on October 16, 2013. Neupert explained that when a customer pawns an item, his store generates a bill of sale containing the customer’s driver’s license number and date of birth, as well a description of the item sold, and the sale price. Neupert further testified that, to complete a sale, the customer has to sign the bill of sale, and the sales associate handling the transaction verifies the customer’s identity by matching, their face to the photo I.D, they provided. As a matter of policy, one person is not allowed to pawn an item on behalf of another, as a measure to prevent the sale of stolen merchandise.
Neupert identified a bill of sale that was generated on October 16, 2013, for a “pistol firearm Bursa Thunder 380,” serial number D13919, that listed, defendant as the individual who pawned the item. The bill of sale was also signed. Neupert testified that he did not conduct the transaction involving defendant, as shown by his store clerk’s initials, and not his own, on the bill of sale.
Lieutenant Elvin Módica of the Jefferson Parish Sheriffs Office, Pawn Shop Division, testified that software utilized by his department automatically takes the námes of those who pawn guns and runs criminal history checks on those individuals. He went on to explain that since certain enumerated crimes preclude a | ¿person from owning or possessing a firearm, the software sends email notifications when a person whp had an arrest of that nature pawns a firearm. Lieutenant Mó-dica testified that he received such a notification on October.2, 2014,. that indicated defendant had pawned a Bursa 380 firearm at Airline Jewelry and Loan on October 16, 2013. Lieutenant Módica testified that he went to Airline Jewelry and Loan and spoke with William Neupert, who provided him with the bill of sale as well as the information of the person his pawn shop sold the firearm to. Lieutenant Módica then requested orders for,' and later received, handwriting samples from Louisiana Probation and Parole and from the Jefferson Parish Correctional Center for *1261 handwriting samples for defendant. Lieutenant Módica testified that after he got the handwriting analysis results from Document Examiner Keith Bourque, he prepared and obtained a warrant for defendant’s arrest.
Upon being recalled as a witness later in the trial, 'Lieutehant Módica further testified that after defendant was arrested, he monitored phone conversations between defendant and Shantel Smith, defendant’s girlfriend, that were made from the Jefferson Parish Correctional Center. One conversation in particular reflected that Ms. Smith did not call defendant from the pawn shop to assist her. Further, Smith indicated during the conversation with defendant that she had no knowledge that defendant brought the firearm to the pawn shop to be pawned.
The State called several witnesses' to establish that defendant’s signature was on the Airline Jewelry and Loan’s bill of sale for the Bursa 380 firearm. Keith Bourque was qualified as an éxpert in the field of forensic handwriting examination and document examination. He testified that he was asked to compare the signature on the bill of sale with the Probation and Parole and the Jefferson Parish Correctional Center documents that contained a known signature of defendant. Bourque concluded that the signature on the bill of sale was made by | (¡defendant; both the bill of sale and the known' samples, were “written, by the same hand.” Donna Quintanilla, a latent print examiner with the Jefferson Parish Crime Lab, testified that she had compared fingerprints taken from defendant on the morning of trial to two different fingerprint samples contained in certified conviction packets of'an-individual named Corey Thomas. She concluded that the prints found in both certified conviction packets matched those of defendant. Quintanilla also compared defendant’s fingerprints to a “tiny print card” with fingerprints of an individual who was booked under the name Corey Thomas. She also concluded that the iingerprints on the tiny print card matched those of defendant.
The State introduced certified conviction packets for two of defendant’s prior convictions into evidence.
Defendant testified that he had prior convictions and that he understood that people convicted of those crimes were prohibited from possessing a firearm. He stated that in October of 2013, he pawned a firearm that was owned by his girlfriend, Shantel Smith'. Defendant asserted that Smith agreed to get the gun out of the proximity of defendant because he was on parole. Defendant explained that when Smith' went to the pawn shop to sell the firearm, she misplaced her I.D., and so she called him. Defendant testified that he went to the pawn shop and signed the bill of sale without presenting an I.D. Defendant admitted to pawning the firearm and signing the bill of sale, but he denied possessing it.

ASSIGNMENT OF ERROR AND DISCUSSION

In his sole counseled assignment of error and his first pro se assignment of error, defendant contends that the evidence adduced at trial was insufficient to support his conviction.
[ ./Defendant was convicted of being a felon in possession of a firearm, in violation of La. R.S. 14:95.1. This Court has recognized that the crime of possession of a firearm by a convicted felon has three elements: 1. status of the defendant as a convicted felon; 2. physical and/or constructive possession by the defendant; and 3. the instrumentality possessed was á firearm. State v. Hill, 562 So.2d 12 (La.App. 5th Cir.1990), writ denied, 567 So.2d 99 (La.1990). At trial, defendant admitted in his testimony, and the State established *1262 through independent evidence, that defendant had prior felony convictions. It was not contested at trial, nor is it disputed on appeal, that the Bursa Thunder 380 sold at Airline Jewelry and Loan on October .16, 2013, was a firearm. Defendant asserts, however, that the evidence was insufficient to show that he had either physical or constructive possession of the firearm on the date it was sold.
In State v. Major, 604 So.2d 137 (La. App. 2nd Cir.1992), writ denied, 609 So.2d 256 (La.1992), the Louisiana Second Circuit considered a similar argument regarding the constructive possession of a fire-, arm by a convicted felon. In that case, as in the instant case, the defendant pawned firearms on several occasions. At trial, the defendant .testified that, even though his signature appeared qn the pawn tickets, he had merely accompanied a friend to. the pawn shop, but did not handle the weapon. In upholding the defendant’s conviction, the court found that, evaluating the evidence in the light most favorable to the prosecution, the jury could have reasonably concluded the defendant’s testimony was fabricated in light of the facts presented as well as the inconsistencies in the defendant’s testimony.
In the. instant case, defendant presented a defense similar to the one in Major, supra. At trial, defendant admitted to being physically present at the time the firearm was "sold and to signing'*the pawn ticket, but he denied ever being m possession. "Apparently; the" jury found that defendant’s testimony lacked | ¡^credibility. The credibility of witnesses is within the sound discretion of the trier of fact, who; may accept or reject, in whole or in part, the testimony of any witness; the. credibility of the witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052. Furthermore, the jury was presented with evidence of a recorded phone call between defendant and Shantel Smith, during which Ms. Smith indicated that she neither called defendant from, the pawn shop for assistance, nor did she know that defendant had sold-the firearm.[1] -.The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. After viewing the evidence in the light most favorable to the-prosecution in this case, we find that any rational trier of fact. could have found the. essential elements of felon in possession of-a firearm beyond a reasonable doubt. Therefore, the evidence was sufficient to support defendant’s conviction.
'Defendant also asserts in his pro se brief that he “was given an illegal sentence.” The record contains defendant’s “Waiver of Constitutional Rights-Plea of Guilty’ form for' a multiple offender which was executed on August 5, 2015, 'the daté of sentencing. ’ In that document, defendant stipulated to being a third felony offender, waived his Boykin[2] rights, and acknowledged that his sentencing range as multi- *1263 pie offender was from 13 years and four months to 40 years. He further acknowledged that he. would be sentenced-to 17 years and six|amonths at hard labor to run concurrently with the sentence in case 14-4804, without the benefits of parole, probation or suspension of sentence. The trial judge reviewed the details of the waiver with defendant in open court. The court thereafter vacated the original sentence and imposed defendant’s agreed upon enhanced sentence of seventeen and one-half years imprisonment without the benefit of parole, probation, or suspension of sentence [3] and imposed a $1,000 fine.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a pléa agreement set forth in the record at the time of the plea.[4] La. C.Cr.P. art. 881.2(A)(2); State v. Smith, 09-1043 (La.App. 5 Cir. 6/29/10), -43 So.3d 261. Accordingly; because defendant stipulated on the record to the enhanced sentence he would reeeivé as part of his plea agreement, wé will not-consider this pro se assignment of error.
Defendant claims that his multiple offender sentence was illegally “double enhanced.” In State v. Baker, 40,997 (La.App.2d Cir.6/28/06), 935. So.2d 366, writ granted, 06-2175 (La.5/11/07), 955 So.2d 1269, affirmed, 06-2175 (La.10/16/07), 970 So.2d 948, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008), the Louisiana Supreme Court held that a sentence for a person convicted of being a felon in possession of a firearm could be enhanced under the habitual offender law as long as *1264 the prior felony conviction that is used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. After comparing the bill of information in the instant case with the multiple offender bill of information, we note that the predicate-offense used to charge defendant with being a felon in possession of a firearm was not impermissibly used a second time to enhance relator’s sentence. Defendant’s claim is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir.1990).
First, we note that in imposing defendant’s enhanced sentence, the trial court imposed a $1,000.00 fine. La. R.S. 15:529.1 does not authorize the imposition of a fine but only provides for enhanced sentences relating to the term of imprisonment. State v. Dickerson, 584 So.2d 1140 (La.1991).
Therefore, the fine is illegal. Pursuant to La.C.Cr.P. art. 882(A), this Court possesses the authority to correct an illegal sentence at any time. Accordingly, we amend defendant’s enhanced' sentence to remové the fine. ' We order the clerk of this Court to transmit notice to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.
Next, the commitment order and minute entry reflect that the trial court ordered defendant to pay court costs and fees on his enhanced In sentence, but the transcript does not. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). We remand this matter for correction of the uniform commitment order and minute entry to remove the imposition of court costs and fees on the enhanced sentence and further direct the Clerk of Court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-0481 (La.11/7/14), 152 So.3d 170.

CONCLUSION

For the foregoing reasons, we affirm defendant’s conviction. We amend defendant’s enhanced sentence under La. R.S. 15:529.1 to remove the fine imposed, and as amended, affirm the sentence. We'further remand this matter to order the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced.

CONVICTIONS AFFIRMED; SENTENCE AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED. CASE REMANDED.

. In his pro se brief, defendant challenges the admission of the phone call evidence. However, the record indicates that defendant did not object at trial to Lieutenant Modica’s testimony or to the admission of recordings of the'phone calls as State’s exhibits. The contemporaneous Objection rule provides, that . ”[a]n irregularity or error cannot be availed of after verdict unless it, was objected to at the time of occurrence.” La.C.Cr.P. art, 841. Accordingly, we find that this assignment of error was not, properly preserved for appellate review. ■ !

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 11709, 23 L.Ed.2d 274 (1969).

. The trial court’s full restriction of benefits upon re-sentencing defendant as a multiple offender was permissible. Under the penally provision of the applicable version of La. R.S. 14:95.1, any sentence to be imposed was required to be "without the benefit of probation, parole, or suspension of sentence." While La. R.S. 15:529.1(G) requires that third felony habitual offender sentences under R.S. 15:529.1(A)(3)(a) be served without the benefit of probation or suspension of sentence, the restriction on parole eligibility in the underlying statute (La. R.S. 14.95.1) also applies to the habitual offender enhanced sentence. State v. Bruins, 407 So.2d 685 (La.1981); State v. Young, 13-745 (La.App. 5 Cir. 04/09/14), 140 So.3d 136, 140, writ denied, 14-1002 (La. 12/08/14), 153 So.3d 439.

. It is noted that following defendant’s sentencing as a multiple offender, defense counsel objected vaguely to the sentence as “being unduly harsh, both generally and as to this individual.” The failure to state the specific grounds on which the motion is based, precludes the defendant from raising the issue on appeal. State v. Knightshed, 00-1410 (La. App. 5 Cir. 3/28/01), 783 So.2d 501. However, this does not preclude a review of defendant’s sentence for constitutional excessiveness.
The imposition of excessive punishment is prohibited by both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution. State v. Evans, 09-477 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 966 (citing State v. Lawson, 04-334 (La.App. 5 Cir, 9/28/04), 885.So.2d 618). A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Evans, 09-477 (La.App. 5 Cir. 12/29/09), 30 So.3d 958 (citing State v. Lobato, 603 So.2d 739, 751 (La.1992); Lawson, 04-334 at 6, 885 So.2d at 622). A sentence is grossly disproportionate -if, when the crime.and punishment are .considered in light of the harm done to society, it shocks the sense of justice. Evans, supra, at 966.
In this case, as a third felony offender, defendant faced a maximuni Sentence of 40 years at hard labor and received 17 years and six months, less than one-half of the sentence he could have received. Based on the record, and after a review of similar cases, the trial court did not abuse its discretióri and defendant’s sentence is not unconstitutionally excessive. (See, for example, State v. Brown, 42,188 (La.App.2d Cir.9/26/07), 966 So.2d 727, writ denied, 07-2199 (La.4/18/08), 978 So.2d 347, where the defendant received a 30-year enhanced sentence as a second felony offender convicted of being a felon in possession of a firearm.)