LILJEBERG, J.
Defendant appeals his 99-year sentence as a fourth felony offender, which was imposed when he was resentenced pursuant to the ruling in State ex rel. Esteen v. State , 16-949 (La. 1/30/18), 239 So.3d 233. For the following reasons, we affirm defendant's sentence, as amended, and we remand for correction of the uniform commitment order.
*1162 STATEMENT OF THE CASE
In March of 1998, defendant was convicted by a jury on two counts of armed robbery in violation of La. R.S. 14:64. He was sentenced on each count to imprisonment at hard labor for 99 years without the benefit of parole, probation, or suspension of sentence, to run concurrently. After the State filed a multiple bill and the trial court found defendant to be a fourth-felony offender, the trial court vacated defendant's sentence on count one and resentenced him under the multiple bill statute to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant filed an appeal.
In June of 1999, this Court affirmed defendant's convictions and sentences. The Louisiana Supreme Court thereafter denied writs. See State v. Mathis , 99-137 (La. App. 5 Cir. 6/1/99), 739 So.2d 1029 (unpublished opinion), writ denied , 99-2056 (La. 1/7/00), 752 So.2d 176. In the years that followed, defendant filed numerous post-conviction relief applications and motions to correct illegal sentence that were denied by the trial court and by this Court.
On April 24, 2018, defendant filed another pro se motion to correct illegal sentence. In this motion, defendant asserted that under Esteen , supra , he was entitled to be resentenced under the more lenient penalty provisions enacted by 2001 La. Acts 403, which reduced the sentencing range for a fourth-felony offender under certain circumstances from a life sentence to "a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life."
The State filed a response to the motion, in which it conceded that defendant was entitled to be resentenced under the ameliorative changes to the law enacted in Act No. 403 of 2001, but it argued that he was not entitled to be resentenced under any newer changes to the law. The State argued that the minimum sentence to which defendant could be resentenced was 99 years.
On August 30, 2018, at the hearing on the motion to correct illegal sentence, defense counsel argued that under Esteen , supra , defendant was entitled to be resentenced. She also argued that under State v. Dorthey , 623 So.2d 1276 (La. 1993), the trial court should deviate from the mandatory minimum 99-year enhanced sentence and resentence defendant to a lesser sentence. She noted that defendant had obtained several certificates and completed numerous programs while incarcerated. Defense counsel also pointed out that defendant's family had residency and employment plans in place for defendant should he be released. She stated that a 99-year sentence would be unconstitutionally excessive, given that defendant had made a complete transformation while incarcerated.
After counsel's argument, defendant addressed the court, stating that he had been "foolish" and had hurt a lot of people but that he was a changed man. Defendant asserted that he was 61 years old and had lost many family members while incarcerated. He further asserted that his life had changed, that he wanted to give back to society, and that he wanted to become a productive person.
Following defendant's statement, the trial court granted the motion to correct illegal sentence, vacated its "earlier" sentence, and resentenced him to imprisonment at hard labor for 99 years without the benefit of parole, probation, or suspension of sentence. The trial judge also commended defendant for the work and service he had done at Angola.
Defense counsel then argued that defendant was entitled to parole eligibility under La. R.S. 15:529.1. The State replied that defendant's sentence should be without *1163 the benefit of parole because any sentence on the multiple bill must have the same restrictions as the underlying offense, which in the instant case was armed robbery. After hearing the arguments of counsel, the trial judge found that defendant was entitled to parole eligibility under the multiple offender statute, and he ordered the enhanced sentence to be served without the benefit of probation or suspension of sentence. For clarification, the trial court then stated that it was vacating the life sentence on count one and resentencing defendant as a fourth-felony offender to 99 years imprisonment at hard labor without the benefit of probation or suspension of sentence, to run concurrently with his sentence on the other count in this matter. Defense counsel made an oral motion to reconsider sentence that was denied. The State objected to the sentence, arguing that it should be without the benefit of parole. Defendant appeals his sentence.
LAW AND DISCUSSION
On appeal, defendant argues that his 99-year sentence is unconstitutionally excessive. He claims that it is grossly out of proportion to the seriousness of the offense and nothing more than a purposeless and needless infliction of pain and suffering. Defendant maintains that while he has been incarcerated at Angola since 1998, he has obtained his G.E.D., completed the "New Hope Group of Alcoholics Anonymous" program, completed the "Living in Balance: Life of Addiction to a Life of Recovery" program, been baptized, completed the "LSP Anger Management Program," completed the "Transactional Analysis Substance Abuse" program, completed the one hundred-hour, pre-release program, worked for 20 years in the main prison kitchen, and is a Class "A" trustee at Angola. Based on his achievements and behavior while incarcerated, defendant contends that the trial court should have imposed a sentence that was a downward departure from the mandatory minimum sentence, pursuant to Dorthey , supra .
The State responds that on resentencing pursuant to Esteen , supra , defendant received the mandatory minimum sentence of 99 years for armed robbery as a fourth-felony offender. It asserts that mandatory minimum sentences are presumed to be constitutional, and that defendant has not met his burden of showing by clear and convincing evidence under Dorthey , supra , that the mandatory minimum sentence is nevertheless excessive as applied to him. The State also argues that the trial court erred by failing to order defendant's sentence to be served without the benefit of parole.
In Esteen , supra , the defendant was charged with drug and racketeering offenses committed in 1998 and 1999. He was ultimately found guilty of two counts of possession of cocaine over 400 grams, conspiracy to possess cocaine over 400 grams, and attempted possession of cocaine over 400 grams. The trial court sentenced him to consecutive terms of imprisonment at hard labor totaling 150 years, and his convictions and sentences were affirmed on appeal. In 2016, the defendant filed a motion to correct illegal sentences seeking the benefit of the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B)"shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced" in accordance with enumerated provisions, including those pursuant to which the defendant was sentenced on three counts. The trial court denied the motion and the appellate court denied writs, relying on State v. Dick , 06-2223 (La. 1/26/07), 951 So.2d 124.[1] Esteen , 239 So.3d at 235.
*1164 On review, the Louisiana Supreme Court in Esteen found that it erred in Dick to the extent that it found that the only avenue to gain the benefit of the more lenient penalty provisions retroactively was by application to the Louisiana Risk Review Panel at that time (subsequently amended to authorize application to the committee on parole). Esteen, 239 So.3d at 236. The Court asserted that the legislature, "[i]n the interest of fairness in sentencing," declared in La. R.S. 15:308(B) its intention that the more lenient penalty provisions be applied retroactively to those persons "who were sentenced according to [listed provisions] prior to June 15, 2001, provided that such application ameliorates the person's circumstances." Id. at 237. The Court found that because three of the defendant's sentences were for terms of imprisonment that were no longer authorized by law, and a more lenient penalty provision applied retroactively in accordance with La. R.S. 15:308(B), the defendant's remedy was by resentencing in the trial court pursuant to his motion to correct illegal sentences. The Court reversed the trial court's denial of the defendant's motion and remanded for resentencing on those three counts "pursuant to the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B) apply retroactively under the circumstances enumerated in that section." Esteen, 239 So.3d at 237-38.
La. R.S. 15:308(B) provides:
In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: ... R.S. 15:529.1(A)(1)(c)(ii)... prior to June 15, 2001, provided that such application ameliorates the person's circumstances.
In the instant case, defendant was convicted of two counts of armed robbery in violation of La. R.S. 14:64. The State filed a multiple bill alleging defendant to be a fourth-felony offender. The predicates for the multiple bill were as follows: 1) defendant pleaded guilty on October 18, 1990, to possession of cocaine in violation of La. R.S. 40:967(C) in case number 90-2174 in the 24th Judicial District Court; 2) defendant pleaded guilty on July 16, 1986, to simple robbery in violation of La. R.S. 14:65 in case number 86-1201 in the 24th Judicial District Court; and 3) defendant pleaded guilty on September 20, 1982, to theft over $ 500 in violation of La. R.S. 14:67. The trial court subsequently found defendant to be a fourth-felony offender, vacated the original sentence on count one, and resentenced him to life imprisonment.
Defendant committed the underlying crime of armed robbery in count one on July 22, 1997. At that time, La. R.S. 15:529.1(A)(1) provided in pertinent part:
c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than *1165 twenty years and not more than his natural life; or
(ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
In 2001, Act No. 403 reduced the penalties for many crimes, including certain sentences under La. R.S. 15:529.1. In 2001, La. R.S. 15:529.1(A)(1) was amended to provide as follows in pertinent part:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Under La. R.S. 15:529.1(A)(1)(c)(ii) in 1997, defendant was properly sentenced to life imprisonment as a fourth-felony offender; however, in 2001, after the amendment, defendant's underlying and predicate crimes no longer subjected him to a life sentence. Under La. R.S. 15:529.1(A)(1)(c)(i) in 1997 and in 2001, defendant's sentence as a fourth-felony offender with his predicate convictions would have been for a determinate term not less than the longest prescribed for a first conviction, which would have been 99 years, the maximum sentence for armed robbery. See La. R.S. 14:64. Although defendant's sentence is within the applicable statutory range, defendant argues that this sentence is unconstitutionally excessive as applied to him and that he deserves to be sentenced to a lesser sentence based on Dorthey , supra .
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith , 01-2574 (La. 1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson , 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the *1166 offender; and 3) the sentence imposed for similar crimes by the same court and other courts. Id. at 656.
In Dorthey , 623 So.2d at 1280-81, the Louisiana Supreme Court recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. In State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, 676, the Louisiana Supreme Court re-examined Dorthey and outlined the criteria a defendant must meet in order to show that a mandatory minimum sentence under the Habitual Offender Law is constitutionally excessive. In order to rebut the presumption that a mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is "exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." Johnson , 709 So.2d at 676. A sentencing court should exercise its authority to declare excessive a mandatory minimum sentence only under rare circumstances. State v. Lindsey , 99-3256 (La. 10/17/00), 770 So.2d 339, 345, cert. denied , 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001).
In the instant case, pursuant to Esteen , supra , defendant was entitled to resentencing under the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B) apply retroactively. He was resentenced accordingly to a sentence within the applicable statutory range. We are not aware of any authority for allowing a defendant at an Esteen resentencing hearing to receive a sentence that is a downward departure from the more lenient provisions enacted in 2001, based on rehabilitation efforts and achievements while incarcerated.
Nevertheless, even if a downward departure under Dorthey is permissible at an Esteen resentencing hearing, defendant fails to show by clear and convincing evidence that his particular circumstances are an exception to the constitutional application of the mandatory sentence. Although defense counsel attached certificates to the motion to show that defendant had completed numerous programs while incarcerated, and defendant testified that he was a changed man, defendant did not show by clear and convincing evidence that a downward departure from the mandatory minimum 99-year sentence was justified.
Accordingly, we find that defendant's 99-year sentence as a fourth felony offender is not unconstitutionally excessive and will not be disturbed.
ERRORS PATENT
Because this is defendant's second appeal, this error patent review is limited to resentencing. The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The following errors requiring corrective action were noted.
The transcript reflects that the trial judge ordered defendant's enhanced sentence to be served without the benefit of probation or suspension of sentence pursuant to La. R.S. 15:529.1(G) ; however, he did not order that the enhanced sentence be served without the benefit of parole as required by the underlying statute, La. R.S. 14:64. The State noted this error at the hearing. Because the underlying offense carried a disability against parole, the habitual offender sentence is likewise to be imposed without parole.
*1167 State v. Thomas , 15-592 (La. App. 5 Cir. 4/27/16), 190 So.3d 1258, n. 3, writ denied , 16-1054 (La. 5/12/17), 220 So.3d 747 ; State v. Tate , 99-1483 (La. 11/24/99), 747 So.2d 519, 520. Accordingly, we amend defendant's enhanced sentence to reflect that it is to be served without the benefit of parole.
Next, the resentencing transcript reveals that the trial court did not advise defendant of the time period to seek post-conviction relief under La. C.Cr.P. art. 930.8. It is well-settled law that if the trial court does not advise a defendant of the time period to seek post-conviction relief pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing defendant of the prescriptive period for post-conviction relief. See State v. Ducksworth , 17-35 (La. App. 5 Cir. 12/13/17), 234 So.3d 225, 237. Accordingly, we hereby advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Wiley , 16-645 (La. App. 5 Cir. 4/12/17), 216 So.3d 393.
Finally, the uniform commitment order (UCO) reflects that the original sentence was vacated on August 3, 2018; however, the transcript reflects that it was vacated on August 30, 2018. The transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983). Thus, to maintain the accuracy and completeness of the record, we remand the matter for correction of the date in the UCO and further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Payne , 17-12 (La. App. 5 Cir. 5/17/17), 220 So.3d 882, 888-889.
DECREE
For the foregoing reasons, we affirm defendant's habitual offender sentence of 99 years imprisonment, as amended, to be served without the benefit of probation, parole, or suspension of sentence. We also remand for correction of the uniform commitment order.
AFFIRMED, AS AMENDED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER

In Dick , 951 So.2d at 132-133, the Louisiana Supreme Court held that La. R.S. 15:308 only created a remedy through the Louisiana Risk Review Panel, not through the courts. It stated that allowing a court to reduce an already-final sentence would be a usurpation of the executive's power of commutation and would therefore violate the constitutional separation of powers. Id.